# CLEMENTS v. MUTERSBAUGH.

EVIDENCE; PRESUMPTIONS; DISCRETION OF TRIAL COURT; BILL OF EXCEPTIONS; CHARGE TO JURY.

1. A jury is competent to assess interest, if any is allowable; and it is not error to exclude the testimony of an expert accountant as to the interest due on certain payments.

2. On an appeal in a case involving payments and credits between the parties, it is to be presumed, where the record is silent, that the jury were permitted to make all proper allowances of interest in arriving at the balance found to be due.

3. In a case involving various payments and credits between the parties, it is not error for the trial court to refuse a request of the defendant to allow both parties to put in the hands of the jury memoranda of the amounts proved or claimed by them.

4. Nor, in such a case, will it be held to be reversible error where the court charged the jury that, if the defendant had intentionally or negligently failed to collect certain notes for which he was claiming credit, they should disallow credit to him, when it does not appear from the verdict whether the jury allowed or rejected credit for such notes or any part of them.

5. Where a bill of exceptions does not purport to contain all the evidence submitted to the jury, it must be presumed that there was evidence to which a charge excepted to correctly applied.

No. 1600.   Submitted February 12, 1906.   Decided March 6, 1906.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia in an action of assumpsit.                                            *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Leonard J. Mather* for the appellant.

*Mr. Clayton E. Emig* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellee, Alonzo Mutersbaugh, as plaintiff below, brought an action of assumpsit against James E. Clements to recover the sum of $582.50. The defendant pleaded the general issue. The trial resulted in a verdict for the plaintiff for $97.33, from the judgment entered on which this appeal has been prosecuted.

The plaintiff's evidence tended to show that the defendant had conducted a public sale for him, in Alexandria county, Virginia, of certain chattels and effects in November, 1898, realizing therefrom the gross sum of $514.92, upon which defendant was entitled to a credit of $60. Defendant offered evidence tending to show that he was entitled to certain credits, first, on account of the failure of certain purchasers to pay their notes amounting in the aggregate to $118.82, second, on account of commissions claimed as 10 per cent of sales, and third, on account of payments of cash alleged to have been made in small sums from time to time between December 3, 1898, and August 6, 1903, amounting to $328.

On the trial the defendant offered an expert accountant to show the amount of interest to which he was entitled upon the payments testified to by him, and excepted to its exclusion.

There was no error in excluding this evidence.

The jury were competent to assess interest, if any was allowable, without the aid of an expert accountant. Nor does it appear that they were not permitted to do so. The defendant does not complain of the refusal of any instruction to that effect, and, the record being silent, it is to be presumed that they were permitted to make all proper allowances of interest in arriving at the balance found to be due.

The second error assigned is on an exception of the defendant, which shows that, before the jury retired, defendant "asked

leave for both parties to put a statement or memorandum in their hands to show the respective amounts proved or claimed by them, as the absence of such a guide necessitated the jury guessing as to the various amounts due from one to the other of the parties litigant," which request the court refused. The fears of the defendant on this point were not entertained by the court, to whose discretion the matter was necessarily submitted.

The last error is founded upon an exception taken to a part of the charge in which the jury was told "that, if they believed from the evidence that the defendant had intentionally and negligently failed to collect the unpaid and uncollected notes, for which he was claiming credit, that they should disallow credit to him." We perceive no reversible error in this instruction. In the first place, it does not appear, from the verdict returned, whether the jury allowed or rejected the credit of said notes, or any part of them. The plaintiff claimed $514.92, and admitted a credit of $60 only. The defendant's credits claimed, as set out in the bill of exceptions, amounted to about $503.31. Of the items making up this, the uncollected notes amounted to $118.82. The verdict was for $97.93 as the balance due the plaintiff.

Moreover, a more serious difficulty is this: The bill of exceptions does not purport to recite the evidence of the contract between the parties relating to the sale of the effects and the obligation of defendant in respect thereof; nor does it recite that it contains all of the evidence submitted to the jury. The presumption is, therefore, that there was evidence to which the charge correctly applied.

For the reasons given, the judgment will be affirmed with costs. *Affirmed.*